1   DARRYL J. HOROWITT, #100898
    KEITH M. WHITE, #188536
2   COLEMAN & HOROWITT, LLP
    Attorneys at Law
3   499 West Shaw, Suite 116
    Fresno, California 93704
4   Telephone: (559) 248-4820
    Facsimile:  (559) 248-4830
5
    Attorneys for Defendants,
6   THE GRYPHON SOLUTIONS, LLC;
    MICHAEL CHARLES BRKICH;
7   JAY MICHAEL TENENBAUM; and
    IAN NATHAN WILLENS
8

9                   UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

11

12   ELIZABETH PALISOC AGNIR,              CASE NO.  5:12-CV-04470-LHK

13              Plaintiff,

14         v.                              **NOTICE OF MOTION AND
                                           MOTION TO DISMISS FOR
15   THE GRYPHON SOLUTIONS, LLC a          FAILURE TO STATE A CLAIM
     California Limited Liability Company; UPON WHICH RELIEF CAN BE
16   MICHAEL CHARLES BRKICH,               GRANTED (FRCP 12(b)(6))**
     individually an in his official capacity; JAY
17   MICHAEL TENENBAUM, individually       First Amended Complaint Filed: March 4, 2013
     and in his official capacity; IAN NATHAN
18   WILLENS, individually and in his official   Hearing: April 25, 2013
     capacity,                            Time: 1:30 p.m.
19                                         Courtroom: 8
                Defendants.
20                                         Judge: Honorable Lucy H. Koh

21

22

23

24

25

26

27

28

1

2

# **TABLE OF CONTENTS**

**Page**

3   **NOTICE OF MOTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4   **MOTION TO DISMISS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5   **MEMORANDUM OF POINTS AND AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . 4

6   I.   FACTS/TIME LINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7   II.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8   1.   THE FIRST CLAIM FOR RELIEF FOR DECLARATORY RELIEF
        REGARDING IDENTITY THEFT FAILS TO STATE A CLAIM UPON
9       WHICH RELIEF CAN BE GRANTED PURSUANT TO FEDERAL RULE
        OF CIVIL PROCEDURE, RULE 12(B)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10      A.   Defendants are Not Claimants Because their Claim has Expired. . . . . . . . . . . . 6

11      B.   Plaintiff's Claim of Identity Theft is Time Barred. . . . . . . . . . . . . . . . . . . . . 7

12      C.   Plaintiff Is Not a Victim of Identity Theft As Defined by Statute. . . . . . . . . . . . 7

13      D.   Plaintiff's Claim Fails Because Defendants took No Action to
             Collect a Debt after Receiving Notice of the Purported Identity Theft. . . . . . . . . 8
14
        1.   Defendants Were Entitled to Rely on Res Judicata . . . . . . . . . . . . . . 8
15
        2.   Defendants Took No Action Subsequent to Notice of
16           Purported Identity Theft. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

17

18      E.   Plaintiff's Claim for Declaratory Relief Is a Request for an
             Advisory Opinion Because the State Court Action Was
19           Dismissed Without Prejudice and No Active Controversy Exists
             Pursuant to 22 U.S.C. 2201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

20

21  3.   THE SECOND AND THIRD CLAIMS FOR RELIEF FOR
        VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES
22      ACT BECAUSE THEY FAIL TO STATE A CLAIM UPON WHICH
        RELIEF CAN BE GRANTED PURSUANT TO FEDERAL
23      RULE OF CIVIL PROCEDURE, RULE 12(B)(6). . . . . . . . . . . . . . . . . . . . . . 11

24      A.   Tenenbaum's Conversations with Plaintiff's Counsel
             and Staff Did Not Violate Federal or California Law. . . . . . . . . . . . . . . . . . . 11
25

26      B.   Gryphon's Acts Relating to the Void Judgment Did Not
             Violate Federal or State Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

27

28

1

**Table of Contents (continued)**

2          C.    Gryphon's Opposition to Plaintiff's Motion to Set Aside Default Did Not Violate
                 Civil Code Section 1788.18. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

3

4    IV.    CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . 12, 15

*In re Varat Enterprises, Inc.*, 81 F.3d 1310 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*M. Lowenstein & Sons v. Superior Court*, 80 Cal.App.3d 762 (1978) . . . . . . . . . . . . . . . . . . 14

*Mandelas v. Gordon*, 785 F.Supp.2d 951 (W.D. Wash. 2011) . . . . . . . . . . . . . . . . . . . . . 13, 15

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) . . . . . . . . . . . . . . . . . 9

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316 (4th Cir. 2002) . . . . . . . . . . . . . . . . . . . 8

*Satey v. JPMorgan Chase & Company*, 521 F.3d 1087 (9th Cir. 2008) . . . . . . . . . . . . . . . . . 7

*Scott v. Kelkris Associates, Inc.*, 2012 WL 996578 (E.D. Calif. 2012) . . . . . . . . . . . . . . . 14, 15

*Swain v. CACH, LLC*, 699 F. Supp.2d 1117 (N.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . 9, 10


**Statutes**

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

 Code of Civil Procedure § 426.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15 U.S.C. 1692 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

22 U.S.C. 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

California Evidence Code § 647 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

California Penal Code § 530.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Civil Code § 1788.92 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Civil Code § 1798.93. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Civil Code § 1798.96 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Civil Code §1788.18 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Civil Code §1798.92 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

F.R.C.P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 16

1  **Table of Authorities (continued)**

2  **Other**

3  1 Witkin, Summary of Calif. Law, § 948 (9th Ed.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F:\CLIENTS\12577-GryphonSolutions\02-Agnir\Pldg\MotionToDismiss(V2).wpd
3/18/13 – 5:09 pm

TABLE OF AUTHORITIES

## NOTICE OF MOTION

**TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on April 25, 2013, at 1:30 p.m., in Courtroom 8 or as soon thereafter as the matter may be heard in the above-entitled court, located at 280 South 1st Street, San Jose, CA 95113, defendants The Gryphon Solutions, LLC, a California Limited Liability Company; Michael Charles Brkich, individually and in his official capacity; Jay Michael Tenenbaum, individually and in his official capacity; Ian Nathan Willens, individually and in his official capacity, will move the Court to dismiss the action pursuant to FRCP 12(b)(6) because Plaintiff's complaint fails to state a claim upon which relief can be granted.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Request for Judicial Notice filed concurrently herewith, and the pleadings and papers filed herein.

COLEMAN & HOROWITT, LLP

Dated: March 18, 2013            By: /s/ Keith M. White
                                     KEITH M. WHITE
                                     Attorneys for Defendants,
                                     THE GRYPHON SOLUTIONS, LLC,
                                     MICHAEL CHARLES BRKICH, JAY
                                     MICHAEL TENENBAUM, and IAN
                                     NATHAN WILLENS

1

**MOTION TO DISMISS**

2

Defendants, collectively and individually, hereby move to dismiss as follows:

3

First Claim for Relief

4

The first claim for relief for declaratory relief regarding Identity Theft because it fails to state

5

a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6).

6

Plaintiff's claim for declaratory relief amounts to a request for an advisory opinion because the state

7

court action was dismissed without prejudice and no active controversy exists pursuant to 22 U.S.C.

8

2201. Defendants took no action to pursue a claim after receiving notice of the purported identity

9

theft. Moreover, Plaintiff's claims are time-barred and Defendants are not "claimants" under Identity

10

Theft Law as they had no claim against Plaintiff at the time she filed her lawsuit. Finally, Plaintiff

11

is not a victim as she failed to file a police report concerning the purported Identity Theft.

12

Second Claim for Relief

13

The second claim for relief for violations of the Fair Debt Collection Practices Act because

14

it fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure,

15

Rule 12(b)(6). Tenenbaum's representations, if any, were made to Plaintiff's counsel's office, not

16

to Plaintiff, and thus, are not actionable.    Moreover, Defendants were entitled to rely on the

17

representations and warranties of Chase Manhattan Bank, USA, N.A. and the res judicata effect of

18

the default judgment.    Finally, Gryphon's opposition of Plaintiff's motion to vacate, does not

19

violated federal law.

20

Third Claim for Relief

21

The third claim for relief for violations of the Rosenthal Fair Debt Collection Practices Act

22

because it fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil

23

Procedure, Rule 12(b)(6). Tenenbaum's representations, if any, were made to Plaintiff's counsel's

24

office, not to Plaintiff, and thus, are not actionable.  Moreover, Defendants were entitled to rely on

25

the representations and warranties of Chase Manhattan Bank, USA, N.A. and the res judicata effect

26

/ / /

27

/ / /

28

/ / /

2

1   of the default judgment.  Finally, Gryphon's opposition of Plaintiff's motion to vacate, does not

2   violated state law.

3                                                 *Respectfully Submitted,*

4                                                 COLEMAN & HOROWITT, LLP

5                                                         /s/ Keith M. White
    Dated: March 18, 2013                       By:_____
6                                                        KEITH M. WHITE
                                                         Attorneys for Defendants,
7                                                        THE GRYPHON SOLUTIONS, LLC,
                                                         MICHAEL CHARLES BRKICH, JAY
8                                                        MICHAEL TENENBAUM, and IAN
                                                         NATHAN WILLENS
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-04470-LHK
NOTICE OF MOTION AND MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS/TIME LINE

For the purposes of this motion, it is important to understand the time frame within the alleged acts occurred because various provisions of Federal and California law limit Defendants' liability for their actions depending on when they occurred.

On May 16, 2006, the Superior Court of California, County of Santa Clara entered a default judgment for *CHASE BANK USA, N.A.* and against *ELIZABETH P DIAMOS AKA ELIZABETH AGNIR* ("Agnir") in the amount of $7,205.65 for breach of contract for recovery of money (the "Default Judgment." A true and correct copy of the Default Judgment is attached to Defendants' concurrent Request for Judicial Notice ("RJN") as Exhibit "1" and incorporated herein by reference.

On December 28, 2010, Chase Bank USA, N.A. assigned its interest in the judgment (the "Assignment") to Defendant herein, Gryphon Solutions, LLC ("Gryphon") in a transaction which gave Gryphon all rights to collect the full amount of the obligation plus interest and costs against Agnir. RJN, Ex. "2." In the Assignment, Chase Bank U.S.A. N.A. warranted "the entire amount of $7,205.65 is unpaid, due and owing, plus court costs and interest accrued at the rate of 10% per annum from the date of judgment to the date of satisfaction." RJN, Ex. "2" at page 1, lines 25 - 27.

On May 6, 2011, Gryphon filed an Affidavit of Identity and Order Amending Judgment Nunc Pro Tunc to add several of Agnir's aliases known to Gryphon, to the Default Judgment. RJN, Ex. "3". A copy of the Affidavit of Identity and Order Amending Judgment were served on Agnir on April 19, 2011 by U.S.P.S. First Class Mail. RJN, Ex. "4."

On August 29, 2011, Agnir's counsel sent a letter demanding Gryphon set aside the default judgment because of the purported improper service. Plaintiff's First Amended Complaint ("FAC"), ¶ 31. Agnir also gave Gryphon notice of purported identity theft, including proof that she discovered the purported identity theft prior to February 23, 2007. Attached to her August 29, 2011 letter was a copy of a Sunnyvale police report and notarized Federal Trade Commission Identity Theft Victim's Complaint and Affidavit. FAC ¶ 31. According to the FAC, this is the first notice Defendants received of Agnir's claim of identity theft. This is also the earliest point in time which Defendants

1   can be held liable for its actions with regard to claims concerning the validity of the debt or the

2   purported identity theft.

3          Agnir then alleges her counsel spoke to Tenenbaum on September 8, 2011. FAC ¶ 32. Agnir

4   admits that Gryphon, through Tenenbaum, declined to stipulate to vacate the default judgment

5   because he thought "service was proper and that [Plaintiff] should have addressed this issue in 2007

6   when she had the prepaid legal service help her" and that "the claim for identity theft doesn't apply

7   in this case because the account was opened while [Plaintiff] was married" to the alleged identity

8   thief. *Id.* Agnir alleges that Tenenbaum was unlicensed as an attorney and failed to disclose that fact

9   to Agnir's counsel during phone these telephone conversations. *Id.*

10          Agnir then admits she filed a Motion to Vacate Default Judgment on September 8, 2011.

11   FAC ¶ 34.  Gryphon filed its opposition to Agnir's motion on September 27, 2011.  A true and

12   correct copy of Gryphon's Opposition is attached to Defendants' RJN at Exhibit "5."   The Court

13   granted Agnir's motion on October 11, 2011. FAC ¶ 35. Agnir filed and served her First Amended

14   Answer on October 14, 2011. A true and correct copy of Agnir's First Amended Answer is attached

15   to Defendants' RJN at Exhibit "6."  Gryphon served a request for dismissal without prejudice on

16   October 21 which was not entered until October 26, 2011, more than five years after the default

17   judgment was entered.   FAC ¶ 36.   A true and correct copy of Gryphon's Request for

18   Dismissal/Dismissal is attached to Defendants' RJN at Exhibit "7."

19          The original complaint in this action was filed on August 24, 2012.  Plaintiff's First

20   Amended Complaint ("FAC") was filed on March 4, 2013.

21          In summary, Defendants' only actions after being informed of Plaintiff's claim of identity

22   theft were: 1) Tenenbaum's purported  failure to inform Plaintiff's counsel that he was no longer

23   licensed as an attorney; 2) declining to stipulate to a Motion to Vacate based on the timing and

24   incredulity of Agnir's evidence and claims; 3) opposing Agnir's Motion to Vacate the Default

25   Judgment; and 4) filing a Request for Dismissal without prejudice.  This is the sum total of all

26   alleged violations of Federal and California law, none of which are affirmative actions to collect or

27   pursue a debt or otherwise violate California law.

28   / / /

## II. ARGUMENT

**1.    THE FIRST CLAIM FOR RELIEF FOR DECLARATORY RELIEF
REGARDING IDENTITY THEFT FAILS TO STATE A CLAIM UPON WHICH
RELIEF CAN BE GRANTED PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE, RULE 12(B)(6).**

In order to recover actual damages, costs, and fees under California Civil Code section

1798.92, et seq., Plaintiff must prove, *by a preponderance of the evidence* that: Defendant is a

"claimant" within the meaning of California Civil Code section 1798.92, subdivision (a) who has

a claim for money; that Plaintiff is a "victim of identity theft" as defined in California Penal

Code § 530.5; that Plaintiff did not use or possess the credit, good, services, or money obtained

by the identity theft; and that Plaintiff filed a police report, pursuant to California Penal Code

section 530.5 with regard to the identity theft.   Civ. Code § 1798.92 - 1798.93.

In order to seek a civil penalty, in addition to any other damages, relief or damages under

Civil Code section 1798.92, et seq., in addition to the above elements of declaratory relief and

monetary damages, Plaintiff must prove, *by clear and convincing evidence*:   Plaintiff provided

written notice to the Defendants that a situation of identity theft might exist and explaining the

basis for that belief; that Defendant failed to diligently investigate the victim's notification; and

that Defendant *continued to pursue its claim* against the victim after the Defendant was presented

with facts that were later held to entitle the victim to judgment under Civil Code section 1798.93.

### A.    Defendants are Not Claimants Because their Claim has Expired.

Section 1788.93 allows a person to bring an action against a "claimant" to establish that the

person is a victim of identity theft in connection with the claimant's claim against that person.

Section 1788.92 defines a "claimant" as a "person *who has or purports to have* a claim for money

or an interest in property in connection with a transaction procured through identity theft."

(Emphasis added.)  Because Gryphon's dismissal of the state court action was requested more than

five years after the Default Judgment was entered, Gryphon's claims are all now time barred and

have expired or are extinguished.  Gryphon forever gave up its claims the moment its Request for

Dismissal was granted.

Because Gryphon's claim against Agnir is extinguished, Defendants are not  "claimants"

1 | under California's Identity Theft Law and Agnir's action fails.  *Satey v. JPMorgan Chase &*
2 | *Company*, 521 F.3d 1087, 1093 (9th Cir. 2008).  The *Satey* court summarized, "[B]ecause the
3 | California Legislature explicitly used the present tense when crafting the definition of 'claimant'
4 | under California's Identity Theft Law, we hold that it does not apply to a 'claimant' who no longer
5 | has a claim at the time the lawsuit is filed."  *Id.*  Because Gryphon's claim extinguished upon the
6 | dismissal of its action well before Agnir's action was filed, Defendants are not claimants and Agnir's
7 | action for identity theft fails as a matter of Ninth Circuit law.

8 | **B.     Plaintiff's Claim of Identity Theft is Time Barred.**

9 | Agnir's action arising under Civil Code section 1798.92 et seq. is time barred.  Section
10 | 1798.96 requires such an action to be filed four years of when the debtor knew, or should have
11 | known of the accrual of her action.

12 | Agnir knew of the fraudulent activity on the very account at issue here.  FAC at ¶¶ 22, 23.
13 | Despite the Complaint's allegation that the fraud was on another account, it is clear from attorney
14 | Shia's February 23 correspondence that the fraud was on the very account described in Agnir's
15 | Complaint.  FAC at ¶¶ 16, 22, 31, and Exhibit 1.  Thus, Agnir had four years from no later than
16 | February 23, 2007 to file an action and seek a determination of identity theft under Section 1798.96.
17 | Thus, the cause of action for identity theft filed on August 24, 2012, is time barred.  Because
18 | Gryphon stands in Chase's shoes as an assignee, it can raise the limitations bar as if it were Chase.
19 | 1 Witkin, Summary of Calif. Law, § 948 (9th Ed.), p. 844.

20 | **C.     Plaintiff Is Not a Victim of Identity Theft As Defined by Statute.**

21 | In order to be a victim of identity theft under Section 1798.92, the "victim" must have
22 | filed a police report concerning the incident of identity theft.  Although Agnir claims to have
23 | filed a police report related to the incident, a careful reading of the FAC proves otherwise.  The
24 | FAC alleges that at the time she filed her police report on January 29, 2007, she was reporting on
25 | identity theft related to a "separate and unrelated account" discovered in January 2007.  FAC ¶
26 | 22.  The fraudulent account reported in the police report was alleged to be owed to ASSET
27 | ACCEPTANCE, LLC.  Agnir did not discover the purported identity theft related to the Chase
28 | Account until February 2007, thus, it could not be part of the January 29, 2007 police report.

7

Thus, Agnir cannot satisfy Civil Code section 1798.92(d)'s requirement that there be a police report related to the purported identity theft.

**D.    Plaintiff's Claim Fails Because Defendants took No Action to Collect a Debt after Receiving Notice of the Purported Identity Theft.**

1.    Defendants Were Entitled to Rely on Res Judicata

Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). The principles of claim preclusion (res judicata) apply even to default judgments. *Id.* at 319. The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1314-15 (4th Cir. 1996) (citing *Nevada v. United States,* 463 U.S. 110, 129-30 (1983)).

Agnir admits in the Complaint at Paragraph 31 that the first notice she sent to Gryphon of the alleged identity theft is August 29, 2011. Defendants were, however, entitled to rely on the preclusive effect of the default judgment and the Court's ruling as to all necessary supporting claims Agnir was deemed to have admitted in the underlying state-court action.

2.    Defendants Took No Action Subsequent to Notice of Purported Identity Theft.

Agnir admits that Defendants' only action after they received notice of the alleged identity theft were: (1) declining to stipulate to a Motion to Vacate based on the incredulity of Agnir's evidence and claims (FAC ¶ 32); (2) submitting an opposition to Agnir's Motion to Vacate (FAC ¶ 34); and (3) filing a Request for Dismissal without prejudice (FAC ¶ 36). This is the sum total of Defendants' alleged actions. Defendants took no action to "pursue its claim" under Civil Code section 1798.93.

Gryphon, as Agnir admits, relied on California law limiting the time period for filing a Motion to Vacate Default and reasserted the presumption of service created by an affidavit of service by a registered process server. (RJN Ex. "4"). To defend its claim, Gryphon was not required by

8

1   California law to assert the validity of the underlying debt, only to protect its rights from collateral

2   attack because the motion was untimely. Gryphon did not need to make qualitative statements about

3   the validity of the debt in its defense.

4       Further, failing to stipulate to judgment on Agnir's counsel's terms can hardly be claimed

5   to be "pursu[ing] its claim." This term "pursuit" requires some form of affirmative action and

6   Gryphon resting on its laurels cannot be said to be an affirmative act. As set forth in more detail

7   below, Defendants' opposition to Plaintiff's motion to set aside the default were not actions to

8   pursue its claim so as to violate Plaintiff's rights under California's Identity Theft Law.

9       **E.    Plaintiff's Claim for Declaratory Relief Is a Request for an Advisory Opinion
            Because the State Court Action Was Dismissed Without Prejudice and No**

10      **Active Controversy Exists Pursuant to 22 U.S.C. 2201.**

11      It is well settled that dispute must be "definite and concrete, touching the legal relations of

12  parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific

13  relief through a decree of a conclusive character, as distinguished from an opinion advising what the

14  law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118,

15  127 (2007) (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

16      "Basically, the question in each case is whether the facts alleged, under all the circumstances,

17  show that there is a substantial controversy, between parties having adverse legal interests, of

18  sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune,*

19  *Inc.*, at 127 (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

20      The Northern District of California, San Jose Division, held in *Swain v. CACH,.LLC*, 699

21  F. Supp.2d 1117, 1122 (N.D. Cal. 2009) that where a complaint for breach of contract filed to collect

22  on a credit card debt was dismissed *without prejudice*, the debtor's claim in Federal Court for

23  declaratory relief was moot. The *Swain* court noted that the deficiency balance was a compulsory

24  counterclaim that must have been raised in the California state court action. *Id.* Without an "actual

25  controversy" her declaratory claim amounted to an "advisory opinion" in violation of 28 U.S.C. §

26  2201. *Id.*

27      Plaintiff's action should have been brought in the state court action as a compulsory cross-

28  complaint as required by the court in *Swain v. CACH, LLC*, 699 F.Supp.2d 1117, 1123-1124 (N.D.

9

1    Cal. 2009). Agnir submitted to the jurisdiction of the state court when she filed her motion to vacate.

2    Submitting to the jurisdiction of the Court is a substitute for service as required by Code of Civil

3    Procedure section 426.30.  Moreover, Plaintiff filed and served her First Amended Answer in the

4    state court action on October 14, 2011.  RJN at Ex. "6."  Gryphon's dismissal was not served until

5    October 21 or entered until October 26, 2011.  *Id.* at Ex. "7."  Thus, her claim for identity theft was

6    a compulsory cross-claim which should have been brought in the state court action at the time that

7    she filed her answer.  *Swain*, 699 F.Supp.2d at 1123-1124; Code Civ. Proc. 426.30[1].

8           Here, under substantially similar circumstances as the *Swain* court, Agnir seeks declaratory

9    relief as to the validity of the debt sued on in the Default Judgment case and as to the veracity of her

10   evidence.    However, Gryphon filed a request for dismissal with prejudice as to its Default

11   Complaint.  No controversy exists because no active litigation is currently ongoing, as Agnir admits

12   in her FAC.

13          Moreover, such declaratory relief serves no purpose other than to provide a basis for civil

14   penalties and Agnir cannot prove that Defendants continued to pursue their claim because she admits

15   that Defendants did nothing, took no affirmative act, other than to defend itself against her own

16   Motion to Vacate.

17          Additionally, Federal Court is not an appropriate outlet for this declaratory relief because the

18   California state court has already entered rulings on the merits in the Motion to Vacate and when

19   entering Default Judgment.  The Rooker-Feldman doctrine prevents Agnir from seeking review of

20   those findings.

21          Finally, Agnir's claims that Gryphon's dismissal without prejudice can be reopened at any

22   time to continue collection efforts is a blatant misstatement of California law.  The dismissal was

23   requested more than five years after the Default Judgment was entered and Gryphon's claims are all

24   now time barred.  Gryphon forever gave up its claims the moment its Request for Dismissal was

25   _____

26   [1]

     Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails
27   to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the
     complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the
28   plaintiff the related cause of action not pleaded.

granted.

**3.      THE SECOND AND THIRD CLAIMS FOR RELIEF FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BECAUSE THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(B)(6).**

Plaintiff's claims of statutory violations that could violate the FDCPA or Rosenthal Act boil down to the following:

&#9670;    Gryphon owns a default judgment obtained on a facially proper, but perhaps ineffective, proof of service;

&#9670;    Tenenbaum, a suspended lawyer and then a member of Gryphon, had conversations with Plaintiff's counsel and his staff wherein he purportedly failed to inform staff and counsel of his discipline by the State Bar;

&#9670;    Gryphon was notified of purported ID theft relating to the debt underlying the judgment and defended itself against *Plaintiff's* motion to set aside the default, then after Gryphon lost that motion, it dismissed the underlying complaint without prejudice.

As set forth below, these allegations, even if true, do not lead to liability under any theory pleaded in Plaintiff's complaint against any Defendant.

**A.      Tenenbaum's Conversations with Plaintiff's Counsel and Staff Did Not Violate Federal or California Law.**

Plaintiff contends that Defendants violated the applicable statutes when Tenenbaum, in conversations with her counsel and/or counsel's staff: 1) failed to explain that he had been suspended and/or disciplined by the State Bar; and 2) expressed an opinion that Gryphon could overcome a motion to set aside the default, that the claim of identity theft did not apply because the account at issue was opened while Plaintiff was married to the purported identity thief, and Plaintiff should have addressed the issue of identity theft in 2007 when she had prepaid legal service help her. Plaintiff's Complaint at ¶ 32.

However, Plaintiff cited no authority that such representations, when made to counsel or his staff, are actionable. Contrary to Plaintiff's position, the Ninth Circuit has ruled that comments by

1  a debt collector made to the debtor's counsel, such as alleged by Plaintiff here, are **not** actionable

2  as an unfair debt collection practice.  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir.

3  2007).  There, the court held that conversations with counsel, including misrepresentations made

4  during those conversations, are not actionable under the FDCPA.  Specifically, the court stated,

5  "[We] hold that communications directed only to a debtor's attorney are not actionable under the

6  Act."  *Id.* at 934.  The court noted that a debtor, represented by counsel, does not need the protections

7  of the Act.

8        The court furthered:

9      The statute as a whole thus suggests a congressional understanding that, when it
comes to debt collection matters, lawyers and their debtor clients will be treated
10  differently. . . .  Specifically, it appears that Congress viewed attorneys as
intermediaries able to bear the brunt of overreaching debt collection practices
11  from which debtors and their loved ones should be protected. . . .  Accordingly,
Congress sought to protect not just debtors themselves from illegal
12  communications, but also others who would be vulnerable to the more sinister
practices employed in the debt collection industry. . . .  The conspicuous absence
13  of the debtor's attorney from that otherwise extensive list is telling.  It suggests that
in approaching the debt collection problem, Congress did not view attorneys as
14  susceptible to the abuses that spurred the need for the legislation to begin with,
and that Congress built that differentiation into the statute itself.
15
*Id.* at 935 (citations omitted).
16
17        The court then noted, "All but one published federal decision to have given reasoned

18  consideration to the question has determined that communications to a debtor's attorney are not

19  actionable under the Act."  *Id.* at 936.  Thus, any comment by Tenenbaum to Plaintiff's counsel or

20  his staff is not actionable under the federal or state fair debt collections practices acts and cannot

21  support Plaintiff's claim.[2]

22      **B.**    **Gryphon's Acts Relating to the Void Judgment Did Not Violate Federal or
State Law.**

23        Plaintiff claims that Gryphon is liable for its acts *and* the acts of Chase bank in obtaining

24  a default judgment, renewing the judgment, amending the judgment, and defending the judgment

25  against a motion to have it set aside because the original summons was not properly served.  As

26  in the prior section, there is authority that such acts, even if true, are not actionable.

27

28  [1]    If Plaintiff contends that Gryphon's opposition to the motion to set aside the default was an improper
communication, that argument fails as well.  See *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007)

1        A well-reasoned decision from a federal district court in the Western District of Washington

2    ruled that obtaining a default *and* a writ of garnishment did not violate the FDCPA even when the

3    default was obtained without notice and the writ was obtained with full knowledge of debtor's claim

4    concerning the lack of service. *Mandelas v. Gordon*, 785 F.Supp.2d 951 (W.D. Wash. 2011). The

5    *Mandelas* court ruled:

6            The court concludes that no reasonable trier of fact would conclude that
Gordon's conduct was "unfair or unconscionable" in violation of § 1692f. I–5

7    Legal, a registered process server, filed a declaration that it had personally served
Mr. Mandelas by leaving a copy of the summons at Mr. Mandelas's address of

8    record with "John Doe, Resident." Because a facially correct return of service is
presumed valid under Washington law, it was not unfair or unconscionable for

9    Gordon to rely upon the declaration of service in obtaining an order confirming
the arbitration award and converting it to judgment. The state court accepted the

10   return of service as facially correct when it entered the judgment. Mr. Mandelas's
recourse when he learned of the judgment was to challenge the entry of default in

11   state court by presenting clear and convincing evidence that service was improper.
*Woodruff*, 945 P.2d at 749. Instead, by his own admission, Mr. Mandelas did

12   nothing. In light of the fact that Mr. Mandelas never challenged service or the
entry of judgment, it also was not unfair or unconscionable conduct for Gordon to

13   file an application for a writ of garnishment to collect the judgment.

14           Mr. Mandelas also argues that Gordon's conduct was unfair or
unconscionable because Gordon did not independently investigate and confirm

15   that I–5 Legal had properly served Mr. Mandelas when it knew that I–5 Legal had,
on occasion, improperly served debtors in the past. Mr. Mandelas has not cited

16   competent evidence in support of this assertion. (See supra n. 1.) Even taking this
assertion as true, however, the court concludes that no reasonable trier or fact

17   would find that Gordon's conduct was unfair or unconscionable in light of
Washington law, which presumes a facially correct return of service to be valid

18   and places the burden of challenging a facially correct return of service on the
defaulted defendant.

19

20           Finally, the court notes that it has found no authority supporting Mr.
Mandelas's contention that pursuing a collection action based on a facially correct

21   but factually ineffective return of service is unfair or unconscionable conduct
under the FDCPA. Rather, the limited case authority runs contrary to this

22   assertion. See, e.g., *Dillon v. Riffel–Kuhlmann*, 574 F.Supp.2d 1221, 1223–24
(D.Kan.2008) (granting summary judgment for the defendant law firm because the

23   court found "no support for the proposition that pursuing a collection action
without serving the debtor constitutes a violation of the FDCPA."); see also

24   *Pierce v. Steven T. Rosso, P.A.*, No. Civ. 01–1244 DSDJMM, 2001 WL
34624006, at *2 (D.Minn. Dec. 21, 2001) (although improper service might

25   render the collection action a nullity under Minnesota law, it did not provide a
legal basis to sustain a claim for violation of § 1692e of the FDCPA).

26   *Id.* at 956.

27        As Gordon in the *Mandelas* case, Gryphon is entitled to rely on the judgment already

28   obtained, and on the proof of service filed by Chase which was valid on its face which carries with

it a rebuttable presumption of service.  Cal. Evid. Code § 647; *M. Lowenstein & Sons v. Superior Court*, 80 Cal.App.3d 762, 770 (1978).  In fact, a recent decision from an Eastern District Court adopted the *Mandelas* analysis stating:

> The court concludes that no reasonable trier of fact would find that defendant's conduct was "unfair or unconscionable" in violation of § 1692f. Absent evidence that defendant knew that plaintiff did not live at the Culpepper address when it sent a process server to the address, it was not unfair or unconscionable for defendant to rely on Moe's declaration of service when it filed for default judgment in state court. See *Mandelas v. Gordon*, 785 F.Supp.2d 951, 956 ( W.D.Wash. 2011) (holding that law firm did not act unfairly or unconscionably in seeking entry of default judgment against debtor even though law firm failed to properly serve the debtor where the law firm reasonably relied on process server's facially correct return of service); *Dillon v. Riffel–Kuhlmann*, 574 F.Supp.2d 1221, 1223 (D.Kan.2008) (finding that pursuing a debt collection action without serving the debtor does not violate the FDCPA); *Pierce v. Steven T. Rosso, P.A.*, No. Civ. 01–1244, 2001 WL 34624006, at *2 (D.Minn. Dec. 21, 2001) (finding that failure to comply with service of process rules does not "provide[ ] a legal basis to sustain a claim that the FDCPA has been violated"). Accordingly, the court will grant defendant's motion for summary judgment on plaintiff's § 1692f claim.

*Scott v. Kelkris Associates, Inc.*, 2012 WL 996578 at *6 (E.D. Calif. 2012.)  The Court came to the same conclusion when considering whether the conduct violated the Rosenthal Act.  *Id.* at *8.

Here, Plaintiff told Gryphon that effective service had not been made.  After that date, Gryphon's only two acts were to: (1) defend against Plaintiff's motion to set aside the default; and (2) dismiss its complaint.  Such conduct cannot, as a matter of law, be the basis for an FDCPA or Rosenthal Act violation.[3]

### C.   Gryphon's Opposition to Plaintiff's Motion to Set Aside Default Did Not Violate Civil Code Section 1788.18.

After Gryphon was informed of Plaintiff's claim of identity theft, it did nothing to collect the debt.  When pressed by Plaintiff's counsel only several days after notifying Gryphon of her claim of identity theft,[4] Gryphon explained that Plaintiff's claim of identity theft was invalid because

---

[3]   Even if the acts by Chase were actionable, any claim related to them would be barred by the one year limitations period of the FDCPA and Rosenthal Act.  15 U.S.C. § 1692k; Civil Code § 1788.30.

[2]   The notification letter was dated August 29, 2011.  The conversations with Tenenbaum took place on September 7, and Agnir's motion to set aside the default judgment was filed on September 8, 2011.  Complaint at ¶¶ 31, 32, and 33.  This left very little time for Gryphon to investigate Plaintiff's claims, especially in light of the intervening 3-day Labor Day weekend.

14

1    Plaintiff was married to the purported thief at the time the account was opened and that Plaintiff

2    should have addressed the issue of identity theft in 2007 when she had prepaid legal service help her,

3    i.e. her claim was time barred.  Plaintiff's Complaint at ¶ 32.  Rather than waiting for a written

4    explanation, Plaintiff filed her motion to set aside the default judgment the next day, requiring

5    Gryphon's opposition.  Thus, there was no act by Gryphon to collect the debt at all.  Gryphon's only

6    act was to oppose the motion *brought by Plaintiff* to determine the issue of propriety of service!

7    Action Plaintiff had to take because Gryphon was entitled to rely on the presumption of service

8    established by the facially proper proof of service.  See Section B above; *Mandelas v. Gordon*, 785

9    F.Supp.2d 951 (W.D. Wash. 2011); *Scott v. Kelkris Associates, Inc.*, 2012 WL 996578 at *6 (E.D.

10   Calif. 2012).

11       Gryphon did not violate the Identity Theft Law as it did not need to give Plaintiff an written

12   response unless it had was going to recommence collection activities, action it did not take.  Cal.

13   Civ. Code § 1788.18(d); see *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940 (deciding there

14   was no need to validate the debt if collection activities cease under 15 U.S.C. 1692g(b)).

15   Furthermore, any decision on the merits of the identity theft were secondary to the issue of the

16   validity of the judgment.  If service was determined improper, the issue of identity theft was moot

17   as Gryphon was assigned the judgment, not a debt.  Request for Judicial Notice at 2.  Because the

18   original judgment was entered in 2006, Gryphon's immediate dismissal of the action, even without

19   prejudice, left any claims against Agnir time barred.  Since Plaintiff was represented by counsel, her

20   counsel should have explained this fact to her.[5]

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26

27   _____

28   [3]      Plaintiff obtained the entire court file and was represented by Mr. Schwinn, her counsel here.
     Complaint at ¶ 30 and Exhibit 1.  Thus, Plaintiff and her counsel had information at their fingertips which
     confirmed that no further action on the judgment (or the underlying debt) could be taken by Gryphon.

                                                15

1

### III. CONCLUSION

2        Defendants hereby submit their motion to dismiss all claims for relief as to all Defendants

3   because the Complaint fails to state any claim upon which relief can be granted pursuant to

4   FRCP 12(b)(6).

5                                              *Respectfully Submitted,*

6
                                              COLEMAN & HOROWITT, LLP
7
                                                    /s/ Keith M. White
8   Dated: March 18, 2013              By:_____
                                                    KEITH M. WHITE
9                                                   Attorneys for Defendants,
                                                    THE GRYPHON SOLUTIONS, LLC,
10                                                  MICHAEL CHARLES BRKICH, JAY
                                                    MICHAEL TENENBAUM, and IAN
11                                                  NATHAN WILLENS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28