# Exhibit "U"

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Defendant
6  ELIZABETH P. AGNIR



ENDORSED
2011 OCT 14 P 4: 02

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: _____, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| CHASE BANK USA, N.A.,<br><br>            Plaintiff,<br><br>v.<br><br>ELIZABETH P. AGNIR, *et al.*,<br><br>            Defendants. | Case No. 1-05-CV-054805<br>(Limited Civil Case)<br><br>**DEFENDANT ELIZABETH P. AGNIR'S FIRST AMENDED ANSWER TO COMPLAINT OF CHASE BANK USA, N.A.**<br><br>Complaint Filed:  December 19, 2005<br>Trial Date:           Not Set |

COMES NOW Defendant, ELIZABETH P. AGNIR (hereinafter "Defendant"), by and through her attorney of record, Fred W. Schwinn of the Consumer Law Center, Inc., and for herself alone and for no other parties to this action, hereby generally denies and answers the Complaint filed herein by Plaintiff, CHASE BANK USA, N.A. (hereinafter "Plaintiff").

### GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure §§ 92(b) and 431.30(d), this answering Defendant denies, generally and specifically, in the conjunctive and disjunctive, each and every cause of action and allegation contained in the Complaint, and the Complaint as a whole, and further generally and specifically denies that Plaintiff has sustained and loss, injury, or damage as a proximate result of any act, breach or omission on the part of this Defendant.

/ / /

---

- 1 -

DEFENDANT'S ANSWER TO COMPLAINT                                                          Case No. 1-05-CV-054805

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Complaint, and each and every cause of action contained in it, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
(Estoppel)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Plaintiff is estopped to assert such causes of action in that, by Plaintiff's own acts and omissions, Plaintiff induced Defendant to take certain actions and Plaintiff implicitly or explicitly consented to all alleged acts of Defendant.

## THIRD AFFIRMATIVE DEFENSE
(Laches)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that some or all of Plaintiff's causes of action are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
(Waiver)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Plaintiff has waived any and all claims it has or may have against the Defendant answering herein.

## FIFTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Plaintiff, and the causes of action set forth therein, are barred by the

applicable statute of limitations, including, but not limited to California Code of Civil Procedure §§ 337, 337.1, 337.15, 338, 339, 340, 343, 10 Del. Code § 8106, Va. Code Ann. § 8.01-246(4) and N.H. Rev. Stat. Ann. § 508:4.

### SIXTH AFFIRMATIVE DEFENSE
(Assumption of Risk)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Plaintiff may not recover for the damages referred to in the Complaint (if occurring at all as alleged or otherwise) or that such recovery should be reduced on the grounds that Plaintiff knew of the risks involved and voluntarily assumed those risks.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Plaintiff failed to mitigate its alleged damages, if any, and recovery of any such damages must be reduced accordingly.

### EIGHTH AFFIRMATIVE DEFENSE
(Performance Excused)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Plaintiff failed to fully perform its obligations, and that such failures relieved and excused performance by Defendant.

### NINTH AFFIRMATIVE DEFENSE
(Liability of Third Parties)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the damages suffered by Plaintiff, if any, were proximately caused or contributed to by the acts or omissions of other third parties and not by the wrongful conduct of Defendant. Should Plaintiff recover any sum herein, such amount should be reduced in proportion to

the extent that the negligence or other legal fault of other third parties, proximately caused or contributed to Plaintiff's damages, if any.

### TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Complaint is barred by the doctrine of unclean hands in that Plaintiff has acted in such a manner as to prevent it from recovering.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Consent)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that recovery is barred by the Plaintiff's consent to the acts of the Defendant complained of, and by the Plaintiff's receipt of benefits from those acts.

### TWELFTH AFFIRMATIVE DEFENSE
### (Unsatisfied Conditions Precedent)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Complaint is barred by Plaintiff's own failure to perform, or to satisfy, some or all of the conditions precedent to any further obligations of the Defendant under the alleged contracts or agreement.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Setoff)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that cross-demands for money have existed between the parties and that said cross-demands should be setoff against each other, pursuant to Code of Civil Procedure § 431.70.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Causation by Complaining Party)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on

information and belief that Plaintiff's alleged damages, if there were any, were wholly or partly contributed to any proximately caused by Plaintiff's own conduct and actions.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Release)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Complaint is barred by Plaintiff's release of Defendant from and against any and all claims, actions, causes of action, liabilities, liens, demands, obligations, losses, fees, costs or expenses of any kind arising from the subject matter underlying the Plaintiff's claims against the Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the agreement set out in the Complaint, if made at all, is barred and made invalid by an accord and satisfaction, including but not limited to, the provisions of California Civil Code § 1521, *et seq.*

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the agreement set out in the Complaint, if made at all, is barred and made invalid by the Statute of Frauds, including but not limited to, the provisions of California Civil Code § 1624.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unconscionability)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the agreement set out in the Complaint, if made at all, was both

substantively unconscionable and procedurally unconscionable at the time it was entered into, including but not limited to, the provisions of California Civil Code § 1670.5.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Ratification)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that Plaintiff is barred from recovery because it ratified, in whole or in part, Defendant's alleged wrongful acts.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Illegal Contract)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that each and every one of Plaintiff's causes of action must fail because an illegal contract is void.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Consideration)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that each an every one of Plaintiff's causes of action must fail for lack of consideration or failure of consideration.

### TWENTY- SECOND AFFIRMATIVE DEFENSE
### (Full Performance)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that all duties and obligations arising out of any and all agreements as between Defendant and Plaintiff were duly performed, satisfied, and discharged, and, therefore, theses actions are barred by California Civil Code § 1473.

### TWENTY- THIRD AFFIRMATIVE DEFENSE
### (Extinction by Unauthorized Alteration)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on

information and belief that the written contract sued upon was intentionally destroyed, canceled or materially altered, by Plaintiff or its assignor or with its consent, thereby extinguishing all executory obligations of the contract in Plaintiff's favor, pursuant to Cal. Civil Code § 1700.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Spoliation)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that each and every one of Plaintiff's causes of action must fail because Plaintiff, or others, either intentionally or negligently, failed to preserve and/or spoiled the primary evidence to this litigation as against Defendant, thus failing to give Defendant any opportunity to inspect said evidence, thereby severely damaging and prejudicing Defendant's ability to present his/her defense. Plaintiff should be barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Identity Theft)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that Defendant is the victim of an identity theft crime, including, but not limited to, a violation of California Penal Code § 530.5.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Complaint is stated in conclusory terms and therefore Defendant cannot fully anticipate all affirmative defenses that may be applicable in this section. Accordingly, Defendant reserves the right to add additional affirmative defenses if, and to the extent, such affirmative defenses are applicable in this section.

///

---

DEFENDANT'S ANSWER TO COMPLAINT

- 7 -

Case No. 1-05-CV-054805

**PRAYER**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

a) That Plaintiff take nothing by way of its action;

b) That Defendant be awarded the costs and reasonable attorney's fees incurred in this matter; and

c) For such other and further relief as the Court deems just and proper.

CONSUMER LAW CENTER, INC.

Dated: October 14, 2011   By: _____
Fred W. Schwinn, Esq.
Attorney for Defendant
ELIZABETH P. AGNIR

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Fred W. Schwinn (SBN 225575)<br>Consumer Law Center, Inc.<br>12 South First Street, Suite 1014<br>San Jose, California 95113-2418<br>TELEPHONE NO.: (408) 294-6100   FAX NO.(Optional): (408) 294-6190<br>E-MAIL ADDRESS (Optional): fred.schwinn@sjconsumerlaw.com<br>ATTORNEY FOR (Name): ELIZABETH P. AGNIR | ENDORSED<br>2011 OCT 14  P 4: 02<br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By: J. Cabanlayan |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Main Courthouse - Downtown San Jose

PETITIONER/PLAINTIFF: CHASE BANK USA N.A.

RESPONDENT/DEFENDANT: ELIZABETH P. AGNIR

**PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL**

CASE NUMBER: 1-05-CV-054805

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   12 South First Street, Suite 1014
   San Jose, California 95113-2418

3. On (date): October 14, 2011   I mailed from (city and state): San Jose, California
   the following **documents** (specify):
   Defendant Elizabeth P. Agnir's First Amended Answer to Complaint of Chase Bank USA, N.A.

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail - Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and (check one):
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Ian Willens
   b. **Address** of person served:
      Gryphon Solutions, LLC
      17772 Irvine Boulevard, Suite 203
      Tustin, CA 92780

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail-Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 14, 2011

Fred W. Schwinn (SBN 225575)
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)   ▶   (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]
Martin Dean's ESSENTIAL FORMS™

**PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL**
(Proof of Service)

Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov