| | |
|---|---|
| 1 | DARRYL J. HOROWITT #100898 |
| 2 | KEITH M. WHITE #188536<br>COLEMAN & HOROWITT, LLP |
| 3 | 499 West Shaw, Suite 116<br>Fresno, California 93704 |
| 4 | Telephone: (559) 248-4820<br>Facsimile: (559) 248-4830 |

Attorneys for Defendants,
THE GRYPHON SOLUTIONS, LLC; MICHAEL CHARLES BRKICH; JAY MICHAEL TENENBAUM; and IAN NATHAN WILLENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH PALISOC AGNIR,<br><br>    Plaintiff,<br><br>v.<br><br>THE GRYPHON SOLUTIONS, LLC, a California Limited Liability Company; MICHAEL CHARLES BRKICH, individually an in his official capacity; JAY MICHAEL TENENBAUM, individually and in his official capacity; IAN NATHAN WILLENS, individually and in his official capacity,<br><br>    Defendants. | CASE NO. 5:12-CV-04470-LHK<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>First Amended Complaint Filed: March 4, 2013<br><br>Hearing: April 3, 2014<br>Time: 1:30 p.m.<br>Courtroom: 8<br><br>Judge: Honorable Lucy H. Koh |

F:\CLIENTS\12577-GryphonSolutions\02-Agnir\Pldg\Motion for Attorneys Fees\NoticeMotionAttorneyFeesVersion8KMW11-30-13.wpd
12/2/13 ~ 4:40 pm

1

Case No. 5:12-CV-04770-LHK
NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on April 3, 2014, at 1:30 p.m., in Department 8 of the above-entitled court, located at 280 South 1st Street, San Jose, California 95113, or as soon thereafter as the matter may be heard, Defendants, THE GRYPHON SOLUTIONS, LLC, a California Limited Liability Company; MICHAEL CHARLES BRKICH, individually and in his official capacity; JAY MICHAEL TENENBAUM, individually and in his official capacity; and IAN NATHAN WILLENS, individually and in his official capacity, will and hereby does, move this Court for an order awarding attorneys' fees of $52,241.75 and costs of $176.68, plus fees and costs incurred after November 30, 2013 according to proof in the Reply Memorandum.

This motion is brought pursuant to California's "Anti-SLAPP" legislation, California Code of Civil Procedure section 425.16, *et seq.*, that requires the awarding of attorneys' fees for prevailing Defendants and against the Plaintiff for filing a meritless and harassing lawsuit with the intent to prevent Defendants from exercising their right to free speech and right of petition.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of DARRYL J. HOROWITT in support of this Motion and the exhibits thereto, the Declaration of KEITH M. WHITE in support of this Motion, and the Declaration of LAWRENCE E. WESTERLUND and the exhibits thereto, the pleadings in this action and the exhibits thereto; and any evidence and argument which may be presented at the hearing on this Motion.

COLEMAN & HOROWITT, LLP

Dated: December 2, 2013    By: /s/ Keith M. White
                                    _____
                                    KEITH M. WHITE
                                    Attorneys for Defendants,
                                    THE GRYPHON SOLUTIONS, LLC,
                                    MICHAEL CHARLES BRKICH, JAY
                                    MICHAEL TENENBAUM, and IAN
                                    NATHAN WILLENS

2

F:\CLIENTS\12577-GryphonSolutions\02-Agnir\Pldg\Motion for Attorneys Fees\NoticeMotionAttorneyFeesVersion4KMW11-30-13.wpd
12/2/13 – 4:40 pm

Case No. 5:12-CV-04770-LHK
NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. BRIEF STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. DEFENDANTS ARE ENTITLED TO AN AWARD OF COSTS
AND REASONABLE ATTORNEYS' FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   1. DEFENDANTS PREVAILING ON AN ANTI-SLAPP
      MOTION ARE ENTITLED TO RECOVER
      ATTORNEYS' FEES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A. DEFENDANTS SHOULD BE AWARDED ALL
         OF THE TIME SPENT ON THE MOTION TO
         DISMISS AND MOTION TO STRIKE BECAUSE
         THEY ARE INEXTRICABLY INTERTWINED. . . . . . . . . . . . . . . . . . . . . . 6

      B. DEFENDANTS COMPLETELY PREVAILED
         IN MERITLESS CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      C. AWARDING OF ALL FEES WOULD ADVANCE
         PUBLIC POLICY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      D. DEFENDANTS' FEES ARE REASONABLE. . . . . . . . . . . . . . . . . . . . . . . 10

      E. DEFENDANTS SHOULD BE AWARDED
         PREVAILING RATE FOR SIMILAR WORK
         FOR THE NORTHERN DISTRICT OF
         CALIFORNIA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      F. DEFENDANTS' COSTS ARE RECOVERABLE . . . . . . . . . . . . . . . . . . . . 12

      G. ADDITIONAL TIME AND COSTS WILL BE
         INCURRED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**Page No.**

**CASES:**

*Barjon v. Dalton*, 132 F. 3d 496, 500 (9th Cir. 1997) .................................. 10

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ............... 10-12

*Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) ................. 10

*Christian Research Institute v. Alnor*, 165 Cal.App.4th 1315, 1321 (Ct. App. 2008) ......... 6

*Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628 (1996). .................... 8

*Dalidio Family Trust v. San Luis Obispo Downtown Ass'n*,
   2009 US App LEXIS 29530 at 11-12 (9th Cir. 2009) ............................. 12

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App.4th 777, 785 (Ct. App. 1996). ... 6

*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001) ............ 11

*Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) ....................... 11

*Hadley v. Krepel*, 167 Cal.App.3d 677, 685-86, (1985) ............................. 7

*Hensley v. Eckerhart* 461 U.S. 424, 434-435, (1983). .............................. 7

*Jordan v. Multnomah County*, 815 F.2d 1258, 1262 fn.5 (9th Cir. 1987) ............ 10, 12

*Kearney v. Foley and Lardner*, 553 F.Supp.2d, 1178, 1184 (2008) ................... 7, 8

*Kurowski v. Krajewski*, 848, F.2d 767,777 (7th Cir. 1988) ......................... 12

*Metabolife International, Inc. v. Wornick*, 213 F.Supp.2d 1220, 1222 (S.D. Cal. 2002 ..... 6-8

*PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (Cal. 2000) ......................... 11

*Palmer v. Far West Collection Servs., Inc.*,
   2008 WL 5397140, at *1 (N.D. Cal. Dec 18, 2008) ............................. 11

*Rosa Margarita Rivera v. Portfolio Recovery Associates, LLC,*.
   (No. C 13-2322 MEJ, Order dated 9/23/13) ................................. 11-13

*Scott v. Federal Bond and Collections Service*,
   2011 WL 36525331 (Cal. N.D. Circuit Ct, 2011) .............................. 10

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ...... 10

*Van Gerwen v. Gaur. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ............. 10

*Wilkerson v. Sullivan*, 99 Cal.App.4th 443, 448 (Ct. App. 2002) .................... 11

/ / /

**STATUTES:**

California Civil Code § 1788 ........................................................... 3

California Civil Code §§1798.92-1798.97 .......................................... 3, 4

California Code of Civil Procedure § 426.16 (c)(1) ................................ 5

15 U.S.C §1692 ........................................................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants THE GRYPHON SOLUTIONS, LLC, a California Limited Liability Company; MICHAEL CHARLES BRKICH, individually and in his official capacity; JAY MICHAEL TENENBAUM, individually and in his official capacity; and IAN NATHAN WILLENS, individually and in his official capacity ("Defendants") hereby submits the following Memorandum of Points and Authorities in support of its Motion for Attorneys' Fees and costs:

## I. INTRODUCTION

By this action Plaintiff alleged that certain conduct by Defendants violated state identity theft laws and state and federal unfair debt collection practices laws. Specifically, her first cause of action sought a declaration that she was a victim of identity theft and an award of actual damages, statutory damages, injunctive relief, attorney's fees and costs under California Civil Code sections 1798.92-1798.97, which protects victims of identity theft from creditor collections on such debts. By her second cause of action, Plaintiff sought actual damages, statutory damages, and attorneys' fees and costs for purported violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq.* ("FDCPA"). Her third cause of action sought the same remedies for the same conduct under California's Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("RFDCPA").

Defendants filed their original motions to dismiss and motions to strike which included an anti-SLAPP Motion to Strike addressing Plaintiff's state law claims, ECF Nos. 10, 16, 17, 19, 20, and 21. Plaintiff filed her original oppositions to the motions, ECF Nos. 26 and 27. Negotiations between the parties concerning the infirmities in Plaintiff's complaint led to the withdrawal of the original motions to dismiss and strike and a Stipulation permitting the filing of an Amended Complaint, ECF Nos. 36 and 37. The Court granted the Stipulation. By the Stipulation, Defendants did not waive any rights under California's Anti-SLAPP laws.

Plaintiff filed her Amended Complaint, triggering Defendants' second Rule 12(b)(6) Motion to Dismiss (ECF No. 43) ("Motion to Dismiss") and second Rule 12(f) Motion to Strike (ECF No. 44) which included an anti-SLAPP Motion to Strike addressing Plaintiff's state law claims. Plaintiff filed her oppositions to Defendants' motions, ECF Nos. 54, 56. Defendants filed their reply

3

F:\CLIENTS\12577-GryphonSolutions\02-Agnir\Pldg\Motion for Attorneys Fees\NoticeMotionAttorneyFeesVersion4KMW11-30-13.wpd
12/2/13 – 4:40 pm

MEMORANDUM OF POINTS AND AUTHORITIES

memoranda, ECF Nos. 58, 59. On August 9, 2013, the Court entered its order granting Defendants' Motion to Dismiss, granting in part Defendants' Motion to Strike, specifically granting Defendants' anti-SLAPP motion as to the Plaintiff's state claims, and denying as moot Plaintiff's application for discovery. Court Order dated August 9, 2013, p. 2 (ECF No. 66) ("Ct. Order").

The Court granted the Defendants' Motion to Dismiss allowing Plaintiff thirty (30) days leave to amend the complaint and cautioned Plaintiff that she may be subject to a new anti-SLAPP motion resulting in the award of additional attorney fees and costs if the offending claims were present. Ct. Order, p. 29. The Plaintiff's time to amend has expired without Plaintiff amending her complaint. On November 15, 2013, the Court dismissed the case with prejudice. (ECF No. 67) Thus, Defendants hereby move for entry of an order awarding fees and costs incurred to date and reserves its right to seek additional fees and costs incurred in the hearing portions of this proceeding.

## II. BRIEF STATEMENT OF FACTS

Plaintiff alleged that her personal identify information was used to obtain a revolving consumer credit account issued by Chase Bank USA, N.A. ("Chase") in her name (the Chase account"). Amended Complaint, ECF No. 40 ("AC"), ¶ 15. Plaintiff also alleged that the Defendants improperly pursued and attempted to collect a debt related to the Chase account, thereby violating California Civil Code sections 1798.92-1798.9, the FDCPA, and the RFDCPA.

Defendants will not detail the allegations of Plaintiff's operative complaint, but will refer the Court to its thorough August 9, 2014 Order for such information if it is necessary. In summary, Plaintiff's entire case came down to the following:

▸ Defendant Tenenbaum's purported failure to inform Plaintiff's counsel or his staff that he was no longer licensed as an attorney;

▸ Defendants' failure to stipulate to set aside an existing default judgment in a state court action based on the unsupported and rather incredible allegations concerning both the service of summons and identity theft;

▸ Defendants' opposition of Plaintiff's Motion to Vacate the default judgment; and

/ / /

/ / /

4

▸ Defendants' dismissal of the state court action without prejudice when Plaintiff's Motion to Vacate was granted.

The foregoing were the entirety of Plaintiff's alleged violations of Federal and California law. As this Court ultimately found, these allegations, even if true, are not an affirmative act to collect or pursue a debt or otherwise violate California or Federal law. Moreover, Plaintiff's claim of identity theft was barred as a compulsory counterclaim in the state court action.

From the onset of this litigation, Defendants attempted to engage Plaintiff's counsel to dismiss or otherwise settle this meritless lawsuit and thus forgo the costs of litigation, including the motions to dismiss and strike that were ultimately granted. Declaration of Keith M. White ("White Declaration") at ¶ 5. First, Defendants made an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. White Declaration at ¶ 5. Second, Defendants asked counsel on multiple times to dismiss the case in light of the dearth of facts suggesting any violation of federal or state law. White Declaration at ¶ 5. Finally, after the hearing on the motions to dismiss and strike and pursuant to the Court's request and announcement of its tentative ruling, Defendants offered to resolve the case for much less than requested in this motion. However, all efforts proved fruitless. Accordingly, no further efforts to meet and confer over this issue were made prior to the filing of this motion. White Declaration at ¶ 5.

As a result of this meritless lawsuit, Defendants incurred fees of $52,241.75 and costs of $176.68, in connection with the Special Motions to Strike under Anti-SLAPP, the related Motions to Dismiss, and this Motion for Attorneys' Fee. Moreover, Defendants will incur additional sums in supporting this motion with a reply memorandum and appearing at the hearing on this motion.

### III. DEFENDANTS ARE ENTITLED TO AN AWARD OF COSTS AND REASONABLE ATTORNEYS' FEES

**1.  DEFENDANTS PREVAILING ON AN ANTI-SLAPP MOTION ARE ENTITLED TO RECOVER ATTORNEYS' FEES.**

"[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorneys' fees and costs." Cal. Code of Civil Procedure § 425.16(c)(1). The fee provision of the

/ / /

5

F:\CLIENTS\12577-GryphonSolutions\02-Agnir\Pldg\Motion for Attorneys Fees\NoticeMotionAttorneyFeesVersion4KMW11-30-13.wpd
12/2/13 – 4:40 pm
MEMORANDUM OF POINTS AND AUTHORITIES

anti-SLAPP statute is applied in federal court. *Metabolife International, Inc. v. Wornick*, 213 F.Supp.2d 1220, 1222 (S.D. Cal. 2002).

An award of attorneys' fees to a prevailing defendant is *mandatory* under the anti-SLAPP statute. *Christian Research Institute v. Alnor*, 165 Cal.App.4th 1315, 1321 (Ct. App. 2008) (emphasis added). The Court, however, has broad discretion in determining the reasonable amount of attorneys' fees and cost. *Metabolife International, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002) (citing *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App.4th 777, 785 (Ct. App. 1996).

Generally, only those fees and costs incurred in connection with the anti-SLAPP motion to strike are recoverable under Section 425.1(c)(1), not the entire action. However, as discussed in detail below, the Court may, under appropriate circumstances present here, award fees related and necessary to the anti-SLAPP motion to strike.

Accordingly, Defendants' counsel has reviewed its billing records and have eliminated from the billing documents submitted to the Court time incurred in this matter outside of the motion to dismiss and the anti-SLAPP motion to strike. White Declaration at ¶ 8. Moreover, most, but not entirely all of the work on the original motions to strike and motions to dismiss were performed by Defendant Gryphon Solutions in-house counsel and although arguably recoverable, are not included in this amount or motion. Thus, the total fees and costs sought here is $52,418.43. As set forth above, this amount does not include items unrelated to the motions, including initial disclosures, case management conferences, time spent attempting to schedule a mediation, and other issues unrelated to the motions to strike, motions to dismiss, or this fee motion. The total reduction of fees from the total bill for items unrelated to the motions is $10,406.25. The reduction for unrelated items of cost is $532.82. White Declaration at ¶¶ 7, 8.

### A. DEFENDANTS SHOULD BE AWARDED ALL OF THE TIME SPENT ON THE MOTION TO DISMISS AND MOTION TO STRIKE BECAUSE THEY ARE INEXTRICABLY INTERTWINED.

The motions to dismiss and the motions to strike involve a common core of facts and are based upon the same or related legal theories and thus, all the fees in preparing the motion to strike and to dismiss should be recoverable because they were "in connection with" the motion to strike

6

F:\CLIENTS\12577-GryphonSolutions\02-Agnir\Pldg\Motion for Attorneys Fees\NoticeMotionAttorneyFeesVersion4KMW11-30-13.wpd
12/2/13 - 4:40 pm

MEMORANDUM OF POINTS AND AUTHORITIES

and were "necessary to prevail." *Metabolife International Inc. v. Wornick*, 213 F.Supp.2d 1220, 1221-24 (S.D. Cal 2002). Because of the substantial convergence of the legal arguments in the motions to strike and to dismiss, attorneys' fees need not be apportioned between motions. *See Hadley v. Krepel*, 167 Cal.App.3d 677, 685-86, (1985)(citing *Hensley v. Eckerhart* 461 U.S. 424, 434-435, (1983).

In *Kearney v. Foley and Lardner*, 553 F.Supp.2d, 1178 (2008), Defendants' motions to strike and dismiss were entirely based upon on a common factual scenario: all of Plaintiff's claims were based exclusively on actions and communications Defendants allegedly engaged in during the course of the underlying eminent domain process and while prosecuting the condemnation action. The *Kearney* Court found that the central focus of the defendants' motions and the Court's Order was the applicability of the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances;' therefore, the defendants' fees were inextricably intertwined, i.e., were incurred for addressing common legal issues. *Kearney* at 1184. All expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those need not be apportioned. *Kearney* at 1184.

In the instant case, Defendants' motions to strike and to dismiss were based entirely on a common factual scenario: Plaintiff's claims were based exclusively on actions and communications Defendants allegedly engaged in during the course of communicating with the Plaintiff's attorney or the state court concerning the default judgment and then ultimately in dismissing the action after the default was vacated or were barred as a compulsory counterclaim in the state court action. All three causes of action arise from the same set of common facts regarding the revolving consumer credit account and a default judgment entered against the Plaintiff, based on debt which Plaintiff claimed was the result of identity theft.

The federal and state causes of action all arise from the same set of facts and all revolve around the same facts and claims. More importantly, Plaintiff's allegations all attempt to deprive the Defendants' their Constitutional right to petition the courts to redress a grievance, i.e., the default judgement. Clearly, the common set of facts and legal theories here require the Court to allow the Defendants' to recover their costs related to both motions. Moreover, as noted in the billing records

7

F:\CLIENTS\12577-GryphonSolutions\02-Agnir\Pldg\Motion for Attorneys Fees\NoticeMotionAttorneyFeesVersion4KMW11-30-13.wpd
12/2/13 – 4:40 pm

MEMORANDUM OF POINTS AND AUTHORITIES

and Declaration of Keith M. White, the Motion to Dismiss was researched and drafted first. Thus, most time was spent on the Motion to Dismiss. The Motion to Strike, prepared subsequent to the Motion to Dismiss, benefitted from the research and drafting already billed to the Motion to Dismiss. White Declaration at ¶ 7.

### B. DEFENDANTS COMPLETELY PREVAILED IN MERITLESS CASE.

In *Kearney*, the Court found that in cases in "which the prevailing defendants were granted an award of <u>all fees</u> are those where the defendants were successful in either extricating themselves from the lawsuit or eliminating one or more claims in their entirety. (*Kearney* at 1184)(*See*, e.g., *Metabolife International, Inc. v. Wornick*, 213 F.Supp.2d 1220, 1222 (S.D. Cal. 2002); *Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628 (1996).

Here, the motion to dismiss, in combination with the motion to strike, have been successfully extricated Defendants from the lawsuit entirely. Thus, the Court should award the Defendants' all their attorneys' fees related to the motions to strike, motions to dismiss, and their fee motion.

### C. AWARDING OF ALL FEES WOULD ADVANCE PUBLIC POLICY.

Again in *Kearney*, the Court found that awarding the defendants all of their attorneys' fees associated with the right to petition, would advance the public policy underlying the anti-SLAPP statute, which was enacted "to allow early dismissal of meritless First Amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife* at 839.

Certainly, this case was the kind of litigation the legislature had in mind when they enacted the anti-SLAPP legislation to allow for the early dismissal of meritless first amendment cases. The Court's order in this case points out time and again where the Plaintiff failed to provide any authority for the position the Plaintiff takes, fails to provide any basis for her legal theory, and in at least one instance where Plaintiff "conveniently" omitted crucial details. The list of meritless arguments or assertions, most, if not all without any legal authority, and noted in the Court's August 9 Order are listed below:

1. "Plaintiff's account conveniently omits crucial details which Plaintiff alleged in her Amended Complaint in the instant action, and of which Plaintiff has requested that the Court take judicial notice." Ct. Order, p. 13: lines 3-5.

8

2. "However, Plaintiff's counsel cited no authority for this position . . .." Ct. Order, p. 14: lines 11-12.

3. "(O)mitting the argument from briefing, Plaintiff's counsel deprived Defendants of the opportunity to respond to it." Ct. Order, p. 14: lines 15-16.

4. "Rather, she argues that she 'never had an opportunity to respond, much less bring a compulsory counterclaim,' and thus fails to acknowledge or explain the fact that she filed a First Amended Answer, in which she raised identity theft as an affirmative defense, but did not include the cause of action which she currently seeks to pursue in a subsequent action in federal court." Ct. Order, p. 14: lines 22-26.

5. "The Amended Complaint is not entirely clear as to which actions Agnir alleges as the basis of Defendants' liability." Ct. Order, p. 15: lines 20-21.

6. "Plaintiff has failed to allege actionable conduct within the statutory period. Accordingly, the Court does not address this time-barred allegation." Ct. Order, p. 17: lines 11-12.

7. "Rather, without citation to any authority, Agnir argues that Defendants violated this section by collecting or attempting to collect an amount 'not permitted by law,'. . .." Ct. Order, p. 17: lines 22-24.

8. "Agnir does not elaborate on either of these theories, or provide any authority for either claim." Ct. Order, p. 18: line 2.

9. "While criticizing Defendants for failing to offer authority for the 'absurd' notion that these actions were not attempts to collect a debt, Agnir offers no authority in support of her own novel theory that defending a default judgment and dismissing an action without prejudice constitutes attempts to collect a debt." Ct. Order, p. 18: lines 16-20.

10. "Agnir has failed to explain what definition of "attempt to collect" would encompass these actions." Ct. Order, p. 19: lines 18-19.

11. "[T]he Court does not find that Agnir has plausibly alleged either an attempt to collect or a threat to take action that cannot be legally taken." Ct. Order, p. 20: lines 14-15.

12. "Again, Agnir offers no authority in support of these claims, and does not identify which alleged conduct provides that basis for these allegations." Ct. Order, p. 21: lines 3-4.

9

Certainly, the foregoing conduct is evidence that supports the public policy at the foundation of the anti-SLAPP legislation, to achieve early dismissal of cases aimed at chilling the Defendants' right to seek redress through the judicial system with costly, meritless, time-consuming litigation.

### D.  DEFENDANTS' FEES ARE REASONABLE.

Courts in the Ninth Circuit calculate an award of attorney's fees using the lodestar method, whereby the court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Scott v. Federal Bond and Collections Service*, 2011 WL 36525331 (Cal. N.D. Circuit Ct, 2011). See also, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The amount of reasonable fees to be awarded to Defendants is calculated according to a two-part lodestar/multiplier approach. Under the lodestar method, the Court determines an initial estimate for fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hour rate. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 fn.5 (9th Cir. 1987).

A court may then adjust the lodestar figure upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar. However, there is a strong presumption that the lodestar figure represents a reasonable fee, and any upward or downward adjustment of that figure is proper only in "rare and exceptional cases." *Van Gerwen v. Gaur. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

A party seeking attorneys' fees bears the burden of demonstrating that the rates requested are "in line with the 'prevailing market rate of the relevant community.' " *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Generally, "the relevant community is the forum in which the district courts sits." *Camacho* at 979 (citing *Barjon v. Dalton*, 132 F. 3d 496, 500 (9th Cir. 1997)). Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding the prevailing fees in the community and rate determination in other cases are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which

10

F:\CLIENTS\12577-GryphonSolutions\02-Agnir\Pldg\Motion for Attorneys Fees\NoticeMotionAttorneyFeesVersion4KMW11-30-13.wpd
12/2/13 – 4:40 pm
MEMORANDUM OF POINTS AND AUTHORITIES

are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the facts asserted by the prevailing party in its submitted affidavits." *Camacho* at 980 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992)).

### E. DEFENDANTS SHOULD BE AWARDED PREVAILING RATE FOR SIMILAR WORK FOR THE NORTHERN DISTRICT OF CALIFORNIA.

A reasonable hourly rate "is that prevailing in the community for similar work." *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (Cal. 2000). The Court makes this determination based upon its experience, considering such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel, and the amount of time involved. *Wilkerson v. Sullivan*, 99 Cal.App.4th 443, 448 (Ct. App. 2002).

Here, the reasonable hourly rate for similar work is the prevailing rate for the United States District Court, Northern District of California. This Court recently awarded Plaintiff's counsel fees for a similar case in *Rosa Margarita Rivera v. Portfolio Recovery Associates, LLC,*. (No. C 13-2322 MEJ, Order dated 9/23/13) (See Declaration of Lawrence E. Westerlund, Exhibit "A"). In *Rivera*, this Court found that the Plaintiff's counsel had "adequately shown, through the affidavits attached to her Motion, that $450 per hour and $300 per hour for Mr. Schwinn and Ms. Ly, respectively, are within the range of reasonable hourly rates for attorneys of comparable skill, experience, and reputation litigating similar cases in this Court's jurisdiction. See also, e.g., *Palmer v. Far West Collection Servs., Inc.*, 2008 WL 5397140, at *1 (N.D. Cal. Dec 18, 2008) (awarding fees in successful FDCPA action for three attorneys at rates of $325 and $465 per hour.)"

However, the attorneys for the Defendants' are based out of Fresno, California, where legal fees are much more reasonable. Coleman & Horowitt charged Defendants legal fees based on the following rates, which are its customary rates for matters of this type:

| | |
|---|---|
| Darryl J. Horowitt | $300 per hour |
| Keith M. White | $260 per hour |
| Lawrence E. Westerlund | $260 per hour |

11

| | |
|---|---|
| Mary E. Krugh | $235 per hour |

The billing ledger for Defendants reflect these rates. Horowitt Declaration ¶¶ 12, 13, 16, 17, 18, 19, 20. Given the considerable lower rate of counsel for the Defendants, Defendants request the Court grant in full the requested fees and costs. If the Court prefers to limit or reduce the hours billed, Defendants request the Court award fees based on the prevailing rates recently awarded Plaintiff's counsel in the *Rivera* matter or award Defendants a multiplier for its successful efforts against an established consumer lawyer.

### F.   DEFENDANTS' COSTS ARE RECOVERABLE.

Recoverable costs under Section 425.16(c)(1) include defendants' requests for delivery, travel, copying, telephone, filing and research expenses. *Dalidio Family Trust v. San Luis Obispo Downtown Ass'n*, 2009 US App LEXIS 29530 at 11-12 (9th Cir. 2009).

Coleman and Horowitt, LLC., also incurred $176.68 in costs and litigation expenses in this matter. Horowitt Declaration at Exhibit "A" and ¶ 14.

### G.   ADDITIONAL TIME AND COSTS WILL BE INCURRED.

Defendants' counsel will incur additional time and expense in completing the attorneys' fee motion. Such additional time and expense are compensable. *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987); *Kurowski v. Krajewski*, 848, F.2d 767,777 (7th Cir. 1988). *See also, Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981-81 (9th Cir. 2008). Although these additional fees and expenses are not reflected here, the Court should keep in mind that the Defendants' counsel will incur additional time and expense in completing this matter. A supplemental declaration will be provided with Defendants' Reply brief.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

12

## IV. CONCLUSION

Based upon the above, Plaintiff respectfully requests that its Motion for attorneys' fees and costs be granted in the amount of $52,418.43, plus additional costs as shown by Reply Memorandum and supplemental declaration. If the Court limits or reduces the hours billed, Defendants request the Court award fees based on the prevailing rates recently awarded Plaintiff's counsel in the *Rivera* matter or award Defendants a multiplier for its successful efforts against an established consumer lawyer.

COLEMAN & HOROWITT, LLP

Dated: December 2, 2013

By: /s/ Keith M. White
_____
KEITH M. WHITE
Attorneys for Defendants,
THE GRYPHON SOLUTIONS, LLC, MICHAEL CHARLES BRKICH, JAY MICHAEL TENENBAUM, and IAN NATHAN WILLENS

13